IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNIVAC DENTAL COMPANY,** : | CIVIL ACTION NO. 1:07-CV-0493 |
| : | |
| **Plaintiff** : | (Judge Conner) |
| : | |
| v. : | |
| : | |
| **DENTSPLY INTERNATIONAL, INC.,** : | |
| : | |
| **Defendants** : | |

### MEMORANDUM

Plaintiff Univac Dental Company ("Univac") brings this antitrust action pursuant to § 2 of the Sherman Act, 15 U.S.C. § 2 and Pennsylvania common law, alleging that defendant Dentsply International ("Dentsply") monopolized the market for artificial teeth. Dentsply has filed a motion to dismiss (Doc. 14) the complaint for failure to file suit within the applicable limitations period. For the reasons that follow, the motion will be denied.

I.  **Statement of Facts**[1]

Univac and Dentsply are competitors in the market for artificial teeth. (Doc. 1 ¶ 10.) Dentsply controls approximately seventy-five percent of the market, and Univac has a market share of two percent. (Id. ¶ 20.) The present suit arises from

---

[1] In accordance with the standard of review for a motion to dismiss, the court will present the facts as alleged in the counterclaims. See infra Part II. The court will relate allegations in the complaint only to the extent necessary to present a complete depiction of the factual background of the counterclaims. The statements contained herein reflect neither the findings of the trier of fact nor the opinion of the court as to the reasonableness of the parties' allegations.

Dentsply's alleged attempts to exercise monopolistic power in the market during the early- and mid-1990s. (Id. ¶¶ 21-34.)

For reasons unspecified in the complaint, most artificial teeth are distributed through manufacturers' direct sales to wholesale dealers, which resell them to dental laboratories that assemble consumer dental products. (Id. ¶ 13.) In 1993, Dentsply issued a set of mandatory guidelines, known as Dealer Criteria, for dealers distributing Dentsply teeth. (Id. ¶ 26.) One of these guidelines, Dealer Criterion 6, required dealers to enter exclusivity relationships with Dentsply and forbade them from adding product lines of Dentsply's competitors to their inventories. (Id.) It exempted competing product lines carried by dealers at the time of its issuance but applied prospectively to future product lines. (Id.) Dentsply's avowed purpose in issued Dealer Criterion 6 was to "block competitive distribution points" and "[t]ie up dental products dealers." (Id. ¶ 27 (alteration in original)).

Dentsply allegedly engaged in a variety of anticompetitive conduct incident to its implementation of the Dealer Criteria. It threatened to withhold sales from dealers that continued to offer competing manufacturers' products not exempted by Dealer Criterion 6, and it purchased or exchanged dealers' inventories of competing products. (Id. ¶¶ 28-29, 31-33.) Dentsply dealers also agreed that they would replace depleted stocks of competitors' products with Dentsply teeth. (Id. ¶ 34.) Dentsply often used promotions involving free teeth to obtain these results. (Id.) Finally, it attempted to leverage sales of dental caulk to coerce dealers to carry exclusively Dentsply teeth. (Id. ¶ 42.)

Univac contends that in 1994 Dentsply threatened to restrict sales of its teeth to a Connecticut dealer unless the dealer ceased carrying Univac's products. (Id. ¶ 29.) It also alleges that on two unspecified instances Dentsply purchased dealers' supplies of its products in exchange for exclusive dealing relationships. (Id. ¶¶ 32-33.) It contends that these and other anticompetitive practices caused prices of its products to plummet and its selling and advertising costs to increase. (Id. ¶ 35.) Dealer Criterion 6 allegedly foreclosed Univac's access to wholesale dealers and required it to pursue less efficient, more costly distribution methods such as drop shipments[2] and direct sales to laboratories. (Id.) Dentsply's extensive control over the dealer network in the market for artificial teeth rendered Univac unable to distribute its teeth competitively. (Id. ¶ 39.) Univac eventually divested components of the company that directly competed with Dentsply due to unprofitability. (Id. ¶ 35)

In January 1999, the U.S. Department of Justice instituted an antitrust action against Dentsply, alleging that its conduct violated the Sherman Act's prohibition on monopolization, 15 U.S.C. § 2. See (id. ¶ 44); United States v. Dentsply Int'l, Inc., 277 F. Supp. 2d 387, 390 (D. Del. 2003). The district court found that Dentsply had not violated the Sherman Act, and an appeal to the United States Court of Appeals for the Third Circuit followed. See United States v. Dentsply Int'l, Inc., 399 F.3d 181

---

[2]Drop shipments are deliveries made directly from a manufacturer to a purchaser that are often billed through a third party, such as a wholesaler, which may receive a percentage of the profit from the sale. See BLACK'S LAW DICTIONARY 513 (7th ed. 1999).

3

(3d Cir. 2005).  The Third Circuit reversed, finding that Dentsply's aggressive market-control strategies, including Dealer Criterion 6, violated § 2 of the Sherman Act.  See id. at 196.  The proceedings brought by the government closed on April 26, 2006, when the district court entered final judgment against Dentsply.  See United States v. Dentsply Int'l, Inc., No. Civ. A. 99-005, 2006 WL 2612167, at *5 (D. Del. Apr. 26, 2006).

Univac commenced the instant action on March 15, 2007, demanding recovery for antitrust injuries suffered as a result of Dentsply's anticompetitive conduct and contending that the Clayton Act, 15 U.S.C. § 16(i) tolled the four-year statute of limitations during the pendency of the government proceedings. Dentsply filed a motion to dismiss, arguing that Univac's complaint is time-barred and fails to allege a substantive antitrust claim.  The parties have fully briefed these issues, and Dentsply's motion is ripe for disposition.

## II.   Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).  Although the court is generally limited in its review to the facts in the complaint, it "may also consider matters of

public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice pleading rules require the complaint to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Sershen v. Cholish, No. 3:07-CV-1011, 2007 WL 3146357, at *4 (M.D. Pa. Oct. 26, 2007) (quoting Erickson v. Pardus, --- U.S. ---, 127 S.Ct. 2197, 2200 (2007)).  The plaintiff must present facts that, if true, demonstrate a plausible right to relief.  See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, --- U.S. ---, 127 S. Ct. 1955, 1965 (2007) (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"); Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007).  Thus, courts should not dismiss a complaint for failure to state a claim if it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Montville Twp. v. Woodmont Builders LLC, No. 05-4888, 2007 WL 2261567, at *2 (3d Cir. 2007) (quoting Twombly, --- U.S. at ---, 127 S. Ct. at 1969).  Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

**III.   Discussion**

Dentsply moves for dismissal of Univac's complaint on two grounds. It contends that Univac filed its complaint after expiration of the limitations period applicable to its federal and state claims. Alternatively, it argues that the complaint fails to inadequately pleads an antitrust injury.

**A.   Statute of Limitations**

Rule 12(b) of the Federal Rules of Civil Procedure requires that all defenses be asserted in an answer except those expressly enumerated in the rule. See FED. R. CIV. P. 12(b). The Federal Rules do not require a plaintiff to aver specific allegations regarding the time of the alleged offense, and Rule 12(b) does not provide for a pre-answer assertion of a limitations defense. See id. Kiewit Constr., Inc. v. Franbilt, Inc., No. 07-CV-121A, 2007 WL 2461919, at *2 (W.D.N.Y. Aug. 24, 2007) (quoting Jones v. United Gas Improvement Corp., 383 F. Supp. 420, 436 n.2 (1974)) (noting that Federal Rules "'do[] not require specific allegations of place and time, but merely state[] that when such specific allegations are made, they are material'"). Nevertheless, a district court may dismiss a complaint as time-barred if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002) (quoting Hanna v. U.S. Veterans' Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir. 1974). To qualify for dismissal, the face of the complaint must clearly demonstrate the applicability of the limitations defense. Id. Antitrust claims are governed by a four-year statute of limitations and require no heightened standard

of pleading.  See In re: Hydrogen Peroxide Antitrust Litig., 401 F. Supp. 2d 451, 458 (E.D. Pa. 2005) (stating that heightened pleading standard for antitrust claims is inappropriate under federal notice pleading requirements); see also 15 U.S.C. § 15b; In re Lower Lake Erie Iron Ore Antitrust Litig., 998 F.2d 1144, 1171 (3d Cir. 1993) (observing that antitrust claims are governed by four-year limitations period).

In the present case, Univac's complaint predicates antitrust injury upon Dentsply's 1994 negotiations that resulted in a dealer terminating its Univac product offerings, upon the two undated incidents in which Dentsply purchased dealers' stocks of Univac's teeth, and upon the anticompetitive effect of Dealer Criterion 6 on the market for artificial teeth.  Dentsply contends that, at the time Univac filed its complaint, the statute of limitations forbade all claims except those based upon harmed incurred on or after January 5, 1995.  Dentsply seeks dismissal on the grounds that the 1994 communication is no longer actionable and that Univac has not specified when other allegedly anticompetitive conduct occurred.

Granting Dentsply's motion would impose an obligation on Univac to allege the precise timing of every instance of anticompetitive conduct.  The Federal Rules of Civil Procedure impose no such burden, and the complaint's failure to recite the dates on which the alleged harm occurred does not warrant dismissal under the statute of limitations.  The face of the complaint does not clearly indicate that

Univac's claims falls outside the limitations period, and the court cannot dismiss the complaint on limitations grounds.[3]

### B. Continuing Antitrust Injury

Dentsply further seeks to dismiss the complaint for failure to allege a continuing antitrust violation. The continuing violation theory authorizes antitrust recovery for a defendant's time-barred actions if the plaintiff demonstrates that they caused the plaintiff to incur damage within the limitations period. See Glaberson v. Comcast Corp., No. Civ. A. 03-6604, 2006 WL 2559479, at *13 (E.D. Pa. Aug. 31, 2006) (quoting Hanover Shoe, Inc. v. United Shoe Mach. Corp., 392 U.S. 481, 502 n.15 (1968)) ("The four-year statute of limitations does not bar later recovery for private antitrust actions if the defendant's conduct 'constituted a continuing violation of the Sherman Act and . . . inflicted continuing and accumulating harm.'"). The theory applies only to conduct outside the limitations period, and a plaintiff need not invoke it if a defendant's anticompetitive act falls within the statute of limitations. See ChemiSpA v. GlaxoSmithKline, 356 F. Supp. 2d 495, 498-99 (E.D. Pa. 2005) (quoting In re K-Dur Antitrust Litig., 338 F. Supp. 2d 517, 551 (D.N.J. 2004) (observing that under continuing violation theory each injury suffered by a plaintiff as a result of the defendant's anticompetitive behavior

---

[3]Dentsply has raised the statute of limitations as a defense to Univac's antitrust claim and to a state law claim for restraint of trade and unfair competition. Denial of the motion with respect to the state law claim is appropriate for the reasons identical to those discussed above.

8

restarts the limitations period regardless of whether the act that caused the injury remains within the limitations period).

In the present matter, Univac's complaint does not specify when Denstply's anticompetitive conduct occurred. Its need to invoke the continuing violation theory is wholly dependent on whether the statute of limitations bars a direct antitrust claim for Dentsply's anticompetitive actions. Hence, dismissal prior to an assessment of whether the statute of limitations applies to Dentsply's actions would be premature.

### IV. Conclusion

Univac has not alleged when Dentsply committed the anticompetitive acts of which it complains, and the validity of Dentsply's limitations defense cannot be ascertained from the face of the complaint. Univac's reliance on the continuing violation theory depends upon the applicability of the statute of limitations and is therefore not amenable to adjudication at present. Accordingly, the court will deny Dentsply's motion to dismiss (Doc. 14).

An appropriate order will issue.

    S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge

Dated: March 14, 2008

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNIVAC DENTAL COMPANY,** | : | **CIVIL ACTION NO. 1:07-CV-0493** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **DENTSPLY INTERNATIONAL, INC.,** | : | |
| | : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 14th day of March, 2008, upon consideration of the motion to dismiss (Doc. 14) of Dentsply International, Inc., and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that the motion to dismiss (Doc. 14) is DENIED.

      S/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge