## UNITED STATES DISTRICT COURT
## FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

UNIVAC DENTAL COMPANY, and
LACTONA CORPORATION

      Plaintiffs,

           Civil Action No. 1: CV-07-0493
v.           Hon. Christopher C. Conner

DENTSPLY INTERNATIONAL,  Filed Electronically
INC.,

      Defendant.

### PLAINTIFFS' STATEMENT OF MATERIAL FACTS
### AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED

1. Univac Dental Company ("Univac") filed this action on March 15, 2007, asserting antitrust and other claims against Defendant, Dentsply International, Inc. ("Dentsply"), in part, on behalf of its predecessor, Universal Dental Company ("Universal").

2. Lactona Corporation ("Lactona") filed a separate action on April 25, 2007, asserting substantially the same antitrust claims against Dentsply. *Lactona Corp. v. Dentsply Int'l, Inc.*, C.A. No. 07-774 (M.D. Pa.).

3. This Court entered a Case Management Order in this action. (*See* Docket No. 20)

4. Dentsply subsequently moved to consolidate this action with the Lactona action. (Docket No. 30)

5. This Court granted Dentsply's motion and ordered the Clerk to close the Lactona action. (*See* Consolidation Order dated March 14, 2008 at Docket No. 44)

6. Thereafter, deadlines in the Case Management Order were extended by this Court (Docket No. 58) pursuant to plaintiffs' unopposed motion for extension of pre-trial deadlines. (Docket No. 57)

7. Univac and Lactona (referred to hereafter as "plaintiffs") contend that there is no genuine issue to be tried on multiple factual and legal issues which were previously litigated and determined in *United States v. Dentsply Int'l, Inc.*, 399 F.3d 181 (3d Cir. 2005) ("*Dentsply II*"), *reversing* 277 F.Supp.2d 391 (D. Del. 2003) ("*Dentsply I*").

8. In *Dentsply I*, Dentsply was sued by the United States for violations of the Sherman and Clayton Antitrust Acts.

9. At issue in *Dentsply I* were the business practices of Dentsply; specifically, the Court considered whether certain Dentsply practices violated various federal antitrust laws.

10. On August 8, 2003, the District Court entered judgment that "Dentsply had not violated § 1 or 2 of the Sherman Act or § 3 of the Clayton Act." 277 F. Supp. 2d at 454.

11. In *Dentsply II*, the Third Circuit reversed the determination of the District Court. In ruling that Dentsply enjoyed a monopoly position in the sale or artificial teeth, the Court held that Dentsply's practices of terminating dealers which took on competitors' products or prohibiting authorized dealers from adding other tooth lines had an anti-competitive effect on the market for the sale of artificial teeth in the United States to dental dealers and dental laboratories causing injury to competitors.

12. The opinions and findings of the Third Circuit Court of Appeals in *Dentsply II*, as well as those undisturbed findings in *Dentsply I*, resolve a number of key issues in the instant action.

13. In *Dentsply II*, Dentsply had a full and fair opportunity to litigate the issues of (a) market definition and monopoly power, (b) anticompetitive exercise of that monopoly power, (c) lack of business justification for its actions, and (d) certain effects on its competitors such as plaintiffs. Dentsply, the defendant against whom offensive collateral estoppel is now asserted, was the same defendant in *Dentsply I* and *Dentsply II*. The issues on which plaintiffs request that

preclusive effect be given were necessarily decided in *Dentsply II*, and the proceeding ended with a final judgment on the merits.

14. Dentsply petitioned the Supreme Court of the United States for review of the Third Circuit's decision in *Dentsply II*, and the Supreme Court denied certiorari. 546 U.S. 1089 (2006).

15. Thereafter, on April 26, 2007, the District Court in Delaware issued a final judgment enjoining Dentsply's practices that had been found to be illegal.

June 22, 2009

s/Paul R. Braunsdorf
Paul R. Braunsdorf
HARRIS BEACH PLLC
*Attorneys for Univac Dental Company*
99 Garnsey Road
Pittsford, New York 14534
(585) 419-8800

s/Bart D. Cohen/PRB
Bart D. Cohen
BERGER & MONTAGUE, P.C.
*Attorneys for Lactona Corporation*
1622 Locust Street
Philadelphia, Pennsylvania, 19103
(215) 875-3000