# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNIVAC DENTAL COMPANY, and LACTONA CORPORATION,** : | CIVIL ACTION NO. 1:07-CV-0493 |
| : | |
| **Plaintiffs** : | (Judge Conner) |
| : | |
| v. : | |
| : | |
| **DENTSPLY INTERNATIONAL, INC.,** : | |
| : | |
| **Defendant** : | |

## ORDER

AND NOW, this 27th day of April, 2010, upon consideration of the report of the magistrate judge (Doc. 115) recommending that defendant's motions in limine (Docs. 99, 98, 100) be denied, with one exception, and, following an independent review of the record, it appearing that the motions in the above-captioned matter request that certain evidence be excluded at trial,[1] and that the magistrate judge recommended denial of defendant's motions,[2] without prejudice to the rights of the parties to object at trial to the admissibility of such evidence, and that the

---

[1] Defendant makes three claims in its motions in limine. First, defendant seeks to exclude any evidence of anti-competitive activities undertaken by defendant outside the statute of limitations. Second, defendant ask the court to limit the plaintiffs' presentation of evidence concerning defendant's alleged anti-competitive activities to those which were central to the government's earlier antitrust case against defendant. <u>United States v. Dentsply International, Inc.</u>, 399 F.3d 181 (3d Cir. 2005). Third, defendant requests that the court preclude plaintiff from introducing extrinsic evidence of defendant's alleged actions, and limit the plaintiffs to relying solely on the findings of the prior governmental antitrust suit to meet its burden of proof. <u>See</u> <u>id.</u>

[2] The magistrate judge found that the disputed evidence should not be excluded, with one conditional exception. <u>See</u> <u>infra</u> note 3.

magistrate judge additionally requested more fact-specific arguments in any future motion in limine,[3] and it further appearing that neither party has objected to the magistrate judge's report and recommendation,[4] and the court finding that there is no clear error on the face of the record,[5] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

---

[3] The magistrate judge directed the parties to confer regarding the scope of plaintiffs' proposed evidentiary proof of the anti-competitive impact of defendant's actions, as it applies to matters which may be the subject of issue preclusion due to the prior antitrust litigation. Specifically, the parties are instructed to confer and identify the particular evidence which is in dispute. The magistrate judge informed the parties that they must either refine and resubmit motions in limine, or await rulings at trial on the issue, because at this juncture the court is without the requisite facts to make a determination as to the relevance of the evidence.

[4] Objections were due by February 2, 2010. As of the date of this memorandum and order, none have been filed.

[5] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. An, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.

1. The report of the magistrate judge (Doc. 115) is ADOPTED.

2. The defendant's motions in limine (Doc. 98, 99, 100) are DENIED.

3. If defendant intends to maintain its request (see Doc. 99) for a pre-trial ruling that plaintiffs may not introduce extrinsic evidence concerning matters which may be the subject of issue preclusion, then defendant is instructed to meet and confer with plaintiffs, determine what evidence plaintiffs may wish to introduce, and identify the evidence which defendant seeks to exclude. The parties are directed to make a good faith effort to narrow any areas of disagreement. They should then provide the court with a status report identifying those matters which remain disputed, along with a proposed schedule for filing briefs on the remaining disputed matters.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge